In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Ronald P. BRITTON, Attorney at Law.

Supreme Court

*No. 92–1177–D. Submitted on briefs October 19,
1993.—Decided December 7, 1993.*

(Also reported in 508 N.W.2d 412.)

For the Board of Attorneys Professional Responsibility there were briefs by *Peter J. Stone* and *Foley & Lardner,* Milwaukee.

For Ronald P. Britton there was a brief by *Richard J. Cayo, Christopher T. Kolb* and *Halling & Cayo, S.C.,* Milwaukee.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The Board of Attorneys Professional Responsibility (Board) appealed from the recommendation of the referee that the court suspend the license of Attorney Ronald P. Britton to practice law for 90 days as discipline for his using for his own benefit client funds held in trust and failing to comply with the court's rules governing the maintenance of an attorney trust account. The Board contended that the serious nature of the misconduct warrants the revocation of Attorney Britton's license or at least its suspension for several years.

We determine that the license suspension recommended by the referee is appropriate discipline to be imposed for Attorney Britton's professional misconduct. Our determination is based on the circumstances of Attorney Britton's misconduct and the exceptional factors presented in mitigation of the severity of discipline to be imposed for it. We are satisfied that a 90-day license suspension is the proper disciplinary response to the unique circumstances this case presents.

Attorney Britton was licensed to practice law in Wisconsin in 1981 and practices in Milwaukee. He has not previously been the subject of an attorney disciplinary proceeding. The facts found by the referee, Attorney John A. Fiorenza, reserve judge, are not in dispute.

In 1988 a woman retained Attorney Britton to represent her on a social security benefit claim and a worker's compensation claim. The latter was settled and Attorney Britton placed $12,000 of the settlement in his attorney trust account, which was not an interest-bearing account, pending determination and payment of the client's medical bills. The client later directed Attorney Britton not to make any disbursement of those funds and instructed him to reopen her

claim, as she was not satisfied with the amount of the settlement.

During the time he was obtaining information to seek reconsideration of the client's claim, Attorney Britton withdrew from his trust account on several occasions all or part of the settlement funds and used them for his own benefit. More than a year later, the client obtained other counsel to pursue her claim and asked Attorney Britton for her file and the funds he held for her in trust. Approximately 30 days before the client asked for her funds, Attorney Britton had deposited into his trust account the full amount of the funds he had misappropriated. In response to his client's request, he gave the client her file and a trust account check for $12,000. Thereafter, following a demand from the client's attorney, Attorney Britton paid the client interest on the funds he had held in trust.

On the basis of those facts, the referee concluded that Attorney Britton violated the court's rules, SCR 20:1.15(a), (c) and (e),[1] by not holding his client's funds

---

[1] SCR 20:1.15 provides:

**Safekeeping property**

(a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging to the lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account....

. . .

(c)(1)a. A lawyer who receives client funds shall maintain a pooled interest-bearing account for deposit of client funds....

. . .

separate from his own in an interest-bearing trust account and by failing to maintain records of the transactions in his client trust account. The referee also concluded that Attorney Britton violated SCR 20:1.15 by unlawfully using trust account funds for his own benefit. As discipline for that misconduct, the referee recommended that the court suspend Attorney Britton's license to practice law for 90 days and, for three years following reinstatement of his license, require him to have a certified public accountant annually review his trust account and verify to the Board that he

(2) A lawyer shall deposit all client funds in the account specified in paragraph (1) unless they are deposited in any of the following:

a. A separate interest-bearing trust account for the particular client or client's matter, the interest on which shall be paid to the client . . . .

. . .

(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. Complete records shall include: (i) a cash receipts journal, listing the sources and date of each receipt, (ii) a disbursements journal, listing the date and payee of each disbursement, with all disbursements being paid by check, (iii) a subsidiary ledger containing a separate page for each person or company for whom funds have been received in trust, showing the date and amount of each receipt, the date and amount of each disbursement, and any unexpended balance, (iv) a monthly schedule of the subsidiary ledger, indicating the balance of each client's account at the end of each month, (v) a determination of the cash balance (checkbook balance) at the end of each month, taken from the cash receipts and cash disbursement journals and a reconciliation of the cash balance (checkbook balance) with the balance indicated in the bank statement, and (vi) monthly statements, including canceled checks, vouchers or share drafts, and duplicate deposit slips. A record of all property other than cash which is held in trust for clients or third persons, as required by paragraph (a) hereof, shall also be maintained. All trust account records shall be deemed to have public aspects as related to the lawyer's fitness to practice.

has maintained a trust account in accordance with the court's rules and that no violation of those rules has occurred.

In its appeal, the Board first argued that the court should make an additional finding of fact that Attorney Britton did not timely, fully and fairly disclose to the Board during its investigation all facts and circumstances pertaining to his misconduct. In his report the referee did not address the allegation in the Board's complaint that Attorney Britton failed to cooperate with the Board in its investigation.

The Board's assertion that Attorney Britton failed to cooperate in its investigation and its request that the court make a finding of fact accordingly are based on Attorney Britton's response to the Board's investigation of the client's grievance concerning what she perceived to be a delay in the return of her settlement funds. Responding to the Board's initial inquiry, Attorney Britton told the Board he had placed the endorsed settlement check in his trust account and recently gave his client a $12,000 trust account check, together with her file she had requested. He stated, "There is absolutely no question in my mind whatsoever that [the client] knew that said monies were in my office trust account." Since Attorney Britton had not told his client that some or all of her funds at times had been removed from his trust account, the Board contended that the client had no way of knowing that Attorney Britton had taken those funds. The Board argued that Attorney Britton's statement was intended to suggest to the Board that the client's funds had remained in his trust account and to divert the Board from further inquiry into the matter.

When the Board asked him to furnish bank records of his trust account to verify that the client's funds had

been on deposit in that account for the entire time he held them, Attorney Britton submitted to the Board only a copy of the deposit slip showing that the check had been deposited into his trust account. He did not produce the monthly bank statements he had that would have shown that at least some of the client's funds were missing for most of the time he was to be holding them in trust and that on at least two occasions the entire amount was gone from his trust account. Attorney Britton told the Board, "I am sorry to admit that I cannot produce documentation that the entire funds in question remained in my trust account between July 15, 1988 up to the time that [the client] requested her file and funds." It was not until the Board asked him to clarify that statement that Attorney Britton admitted he had made improper withdrawals from his trust account.

While he did not dispute the facts asserted by the Board concerning his responses to its inquiries concerning his conduct in the client's matter, Attorney Britton contested the Board's allegation that he failed to cooperate with its investigation. We determine that, regardless of his ultimate cooperation with the Board, the undisputed facts establish that Attorney Britton did not comply with the rule, SCR 22.07(2), requiring an attorney to "fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct" during the course of a Board investigation. The rule further provides, "Failure to provide information or misrepresentation in a disclosure is misconduct." In light of the undisputed facts concerning Attorney Britton's responses to the Board's inquiries and the absence of findings and conclusions on the issue in the referee's report, we reach the conclusion that Attorney Britton failed to cooperate with the Board in its investi-

gation of his misconduct. That conclusion, however, does not alter our determination that the discipline for Attorney Britton's misconduct recommended by the referee is appropriate.

The Board also argued that, on the basis of the facts concerning Attorney Britton's handling of his client's funds, the court should reach another conclusion of law that was absent from the referee's report: that Attorney Britton's use of client funds held in trust constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c). The referee had concluded only that the misappropriation of client funds violated the trust account rule. We agree with the Board and, noting that in his brief Attorney Britton accepted that his handling of the client's funds could constitute a violation of that rule, conclude that his use of client funds violated SCR 20:8.4(c).

On the issue of discipline to be imposed, the Board contended that the 90-day license suspension recommended by the referee is insufficient. The Board noted that Attorney Britton admitted he deliberately and without client authorization misappropriated client funds from his trust account, using them for business or personal purposes, and that he did so on 10 separate occasions during a 16-month period. Further, on two of those occasions he had taken the client's entire $12,000 from the trust account and the account was overdrawn.

To further support its contention that Attorney Britton's misconduct warrants more severe discipline, the Board emphasized that even though he had concluded at some point that he owed the client interest on her funds, Attorney Britton did not pay her interest at that time but offered to do so six months later when he wrote to the Board that he felt it would be appropriate to pay the client interest in order to resolve the matter.

115

He did not pay her the interest for more than one year and then only when the Board had insisted he do so and her successor attorney made a demand for it.

It is the Board's position that Attorney Britton's repeated misappropriation of his client's funds from his trust account over 16 months in amounts that on at least two occasions totaled $12,000 warrants the revocation or a multi-year suspension of his license to practice law. By that conduct, the Board asserted, Attorney Britton acted deliberately, dishonestly and in direct violation of his duty to hold the client's funds in trust; further, he did so knowing his conduct was wrong and offered no excuse or justification for it. The Board argued that license revocation is necessary to protect the public and ensure that Attorney Britton and all other lawyers are deterred from using client funds for personal purposes.

The Board's position focuses on the seriousness of Attorney Britton's misconduct and discounts the mitigating considerations that led the referee to recommend a 90-day license suspension as discipline. In making that recommendation, the referee emphasized the fact that Attorney Britton had replaced all of the client's funds in his trust account prior to her having asked for their return. That fact led the referee to determine that Attorney Britton never had intended to permanently deprive the client of her funds.

The referee also explicitly relied on 40 character reference letters Attorney Britton submitted at the disciplinary hearing attesting to his good reputation for legal work and assistance to persons in need of but unable to afford representation. The referee said, "It is evident that he had given more than legal assistance to persons and further that he performed many pro bono legal services, even when not requested to do so. He has

given his time and talents to the community." Noting that there had been no prior complaints made against Attorney Britton for his professional conduct, the referee expressed his belief that there is "a high probability" he will not commit a similar trust account violation in the future.

The Board discounted the referee's emphasis of the fact that Attorney Britton had replaced the full amount of his client's funds in his trust account prior to the client's request for them. In the Board's view, the presence of those funds in the account when the client asked for them was purely fortuitous. The Board also discounted the referee's reliance on the character reference letters from Attorney Britton's friends and associates, arguing that those letters are entitled to little weight, as none of the writers had personal knowledge of the scope and seriousness of Attorney Britton's misconduct.

We disagree. The letters of reference considered by the referee in mitigation of the severity of discipline to impose for Attorney Britton's misconduct constitute an impressive testimony, albeit unsworn, to Attorney Britton's personal integrity, professional commitment to his community and remorse for his misconduct. The referee gave due weight to the mitigating factor of Attorney Britton's character and reputation. On the basis of that character and reputation evidence, we are persuaded, as was the referee, that a 90-day license suspension is appropriate discipline to be imposed. We are satisfied that, in light of the unique circumstances presented in this case, the recommended license suspension, together with the annual review of Attorney Britton's trust account and verification to the Board of his compliance with the applicable rules for three

117

years, will accomplish the purposes of attorney discipline.

It Is Ordered that the license of Ronald P. Britton to practice law in Wisconsin is suspended for a period of 90 days, commencing January 17, 1994.

It Is Further Ordered that for a period of three years from the reinstatement of his license to practice law, Attorney Britton shall, at his expense, obtain an annual review of his trust account by a certified public accountant, who shall verify to the Board of Attorneys Professional Responsibility each year that Attorney Britton has maintained a trust account in accordance with the applicable rules of this court and that no violation of those rules has occurred.

It Is Further Ordered that within 60 days of the date of this order Ronald P. Britton pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, excluding the costs incurred in the appeal, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Ronald P. Britton to practice law in Wisconsin shall remain suspended until further order of the court.

It Is Further Ordered that Ronald P. Britton comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

JON P. WILCOX, J. (*concurring in part and dissenting in part*). Taking into account fully the exceptional factors presented by Attorney Britton in mitigation of the severity of discipline, I disagree only with the length of suspension.

118

A license suspension for one year is more appropriate discipline for repeated trust account violations and subsequent failure to cooperate with the Board of Attorneys Professional Responsibility in investigation of this misconduct.